# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**MARQUETTE T. MAXWELL, JR., ADC #112986**　　　　　　　　　　　**PLAINTIFF**

v.　　　　　　　　　　**Case No. 3:19-cv-00379-KGB**

**BRET DAVIS,** *et al.*　　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

## ORDER

Before the Court is the status of this case. Plaintiff Marquette T. Maxwell, Jr., is presently confined at the Mississippi County Detention Center in Luxora, Arkansas. He is awaiting trial on charges of domestic battering in the first degree, in violation of Arkansas Code Annotated § 5-26-303(b)(1), and kidnaping, in violation of Arkansas Code Annotated § 5-11-102. *See State v. Maxwell*, No. 47BCR-18-411.[1] A jury trial is currently scheduled for August 24, 2020. On December 27, 2019, Mr. Maxwell filed a motion for leave to proceed *in forma pauperis* ("IFP") and a *pro se* civil rights complaint (Dkt. Nos. 1, 2). Mr. Maxwell filed an amended complaint on January 16, 2020 (Dkt. No. 3). Mr. Maxwell subsequently filed two addendums to his amended complaint (Dkt. Nos. 4, 5).

### I.　　IFP Application

Because Mr. Maxwell is a prisoner, his application for leave to proceed IFP is subject to the requirements of the Prison Litigation Reform Act ("PLRA"), which provides, as relevant here, that a prisoner who "brings a civil action or files an appeal" IFP is required to pay the full amount of the filing fee and that the court is to assess and, when funds exist, collect an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The purpose of the PLRA is to "require all prisoner-litigants to pay

---

[1] More information about this case is available at: https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dktrpt_frames?back to=P&case_id=47BCR-18-411&begin_date=&end_date=.

filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time." *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) (citing *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997)).

Mr. Maxwell has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Therefore, the Court grants Mr. Maxwell's motion for leave to proceed IFP and permits Mr. Maxwell to proceed without prepayment of the filing fee (Dkt. No. 1). The Court assess an initial partial filing fee in the amount of $6.28. After the initial partial filing fee is collected, Mr. Maxwell shall be required to make monthly payments of 20% of the preceding month's income credited to his prisoner's account each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *See* 28 U.S.C. § 1915(b)(2).

**II.     Screening**

Under the PLRA, the Court is obligated to screen Mr. Maxwell's complaint and dismiss the case, in whole or in part, if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated differently, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 678 (2009). While the court must accept as true all well-pleaded facts in the complaint, *see Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013), it need not credit conclusory allegations

or "naked assertion[s] devoid of further factual enhancement," *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678). Finally, in evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, the court holds "a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (alteration in original) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

In *Younger v. Harris*, 401 U.S. 37 (1973), "the Supreme Court held that federal courts may not enjoin pending state court criminal proceedings except in very unusual situations." *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 479 (8th Cir. 1998). In so holding, the Court reasoned that the concept of federalism represents:

> a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Younger*, 401 U.S. at 44. Under the *Younger* doctrine, "federal courts should abstain from exercising their jurisdiction if (1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions." *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012) (citing *Plouffe v. Ligon*, 606 F.3d 890, 894–95 (8th Cir. 2010)). If these three conditions are satisfied, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). These exceptions are narrowly construed. *See Aaron v. Target Corp.*, 357 F.3d 768, 778 (8th Cir. 2004) (citing *Younger*, 401 U.S. at 53–54); *see also Moore v. Sims*, 442 U.S. 415, 433 (1979) ("[W]hatever else is required, such circumstances must

be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation.") (quoting *Kugler v. Helfant*, 421 U.S. 117, 125 (1975)).

Having carefully reviewed Mr. Maxwell's pleadings, the Court finds that the conditions for *Younger* abstention are met. Each of Mr. Maxwell's claims is, at its core, a challenge to his currently-pending state criminal case. Clearly, Arkansas has an important state interest in enforcing its criminal laws, and, presumably, Mr. Maxwell may raise any constitutional claim that he believes he has in state court. Finally, Mr. Maxwell's pleadings do not demonstrate extraordinary circumstances that would warrant federal intervention in the currently-pending state-court proceedings. Accordingly, this Court must abstain from hearing the case under *Younger*.

Mr. Maxwell has requested monetary damages in addition to injunctive relief. Therefore, the Court will stay, rather than dismiss, this action for damages. *See Night Clubs*, 163 F.3d at 482. Mr. Maxwell's case will be stayed and administratively terminated until the criminal charges against him have been fully resolved, including any appeal.

**III.    Conclusion**

In sum, the Court issues the following rulings:

1. The Court grants Mr. Maxwell's motion for leave to proceed IFP (Dkt. No. 1).

2. As Mr. Maxwell's present custodian, the Administrator of the Mississippi County Detention Center, or his designee, or any future custodian, is directed to collect from Mr. Maxwell's institutional account the $6.28 initial partial filing fee and thereafter to collect the balance of the $350.00 filing fee by collecting monthly payments equal to 20% of the preceding month's income credited to Mr. Maxwell's account each time the amount in the account exceeds $10.00. The Administrator of the Mississippi County Detention Center, or his designee, or any

4

future custodian, is further directed to forward the payments to the Clerk of the Court in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk. The payments must be clearly identified by the name and number assigned to this action

3. The Clerk of the Court is directed to send a copy of this order to the Administrator of the Mississippi County Detention Center, 685 North County Road 599, Luxora, Arkansas 72358.

4. The Clerk of the Court is directed to stay and administratively terminate this action until the criminal charges against Mr. Maxwell have been fully resolved, including any appeal.

5. This case is subject to reopening upon Mr. Maxwell's filing of a motion to reopen the case after such final disposition of his criminal charges.

6. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an IFP appeal from this Order would not be taken in good faith.

It is so ordered this 27th day of March, 2020.

_____
Kristine G. Baker
United States District Judge